# EXHIBIT A

# 2384CV01795 Mattson, Bruce vs. Demerle Hoeger LLP

- Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 08/07/2023
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Contract Action
- Status Date:
- 08/07/2023
- Case Judge:
-
- Next Event:
-

All Information | Party | Tickler | Docket | Disposition

## Party Information

**Mattson, Bruce**
- Plaintiff

**Alias**

**Party Attorney**
- Attorney
- Yousif, Esq., Nicola
- Bar Code
- 679545
- Address
- Shield Law, LLC
  157 Belmont St
  Brockton, MA  02301
- Phone Number
- (508)588-7300

**More Party Information**

**Demerle Hoeger LLP**
- Defendant

**Alias**

**Party Attorney**

**More Party Information**

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 08/07/2023 | 11/06/2023 | 91 | |
| Answer | 08/07/2023 | 12/05/2023 | 120 | |
| Rule 12/19/20 Served By | 08/07/2023 | 12/05/2023 | 120 | |
| Rule 12/19/20 Filed By | 08/07/2023 | 01/04/2024 | 150 | |
| Rule 12/19/20 Heard By | 08/07/2023 | 02/05/2024 | 182 | |
| Rule 15 Served By | 08/07/2023 | 12/05/2023 | 120 | |
| Rule 15 Filed By | 08/07/2023 | 01/04/2024 | 150 | |
| Rule 15 Heard By | 08/07/2023 | 02/05/2024 | 182 | |
| Discovery | 08/07/2023 | 06/03/2024 | 301 | |
| Rule 56 Served By | 08/07/2023 | 07/02/2024 | 330 | |
| Rule 56 Filed By | 08/07/2023 | 08/01/2024 | 360 | |
| Final Pre-Trial Conference | 08/07/2023 | 11/29/2024 | 480 | |
| Judgment | 08/07/2023 | 08/06/2025 | 730 | |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|------------|----------|----------|----------------|
|         |            |          |          |                |

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 08/07/2023 | Attorney appearance<br>On this date Nicola Yousif, Esq. added for Plaintiff Bruce Mattson | | |
| 08/07/2023 | Case assigned to:<br>DCM Track F - Fast Track was added on 08/07/2023 | | |
| 08/07/2023 | Original civil complaint filed. | 1 | Image |
| 08/07/2023 | Civil action cover sheet filed. | 2 | Image |
| 08/07/2023 | Docket Note: One summon sent by mail | | |

### Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending     |      |            |

1 of 2

◀ For Land Court only: Name search is currently unavailable. Case type and case number searches are available. For a Land Court name search, contact the Land Court Recorder's Office at 617-788-7470. We apologize for the inconvenience ✖ ▶

| Save as PDF | | | | Reset |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 23-1795 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| Help-Party Information | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Bruce Mattson | Defendant: | Demerle Hoeger, LLP |
|---|---|---|---|
| ADDRESS: | 168 Caroline Dr. Bellingham, MA 02019 | ADDRESS: | 10 City Square, 4th Floor, Boston, MA 02109 |

| Plaintiff Attorney: | Nicola Yousif and Matthew McKenna | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | 157c Belmont St. Brockton, MA 02301 | ADDRESS: | |
| BBO: | Yousif: 679545 McKenna: 705644 | BBO: | |

| | | Add Parties | Remove Pa |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Action | F | ● YES  ○ NO |

*If "Other" please describe:  Violations of 15 U.S.C. §§ 1692, ET SEQ

Is there a claim under G.L. c. 93A?    ○ YES  ● NO         Is there a class action under Mass. R. Civ. P. 23?    ● YES  ○ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money dan (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

                                                                              Subtotal (1-5):        $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                                                              TOTAL (A-F):          $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |
| | Add Claim | Delete C |

Signature of Attorney/Self-Represented Plaintiff: X _____    Date: _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION UNDER S.J.C. RULE 1:18(5)

| Summons | CIVIL DOCKET NO. 2384CV01795 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Bruce Mattson Plaintiff(s) vs. Demerle Hoeger LLP Defendant(s) | | John E. Powers, III, Acting Clerk of Courts Suffolk Superior Civil County COURT NAME & ADDRESS: Three Pemberton Square Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO  Demerle Hoeger LLP  (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the          Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,          Court (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk _____

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____                          Signature: _____

N.B.  TO PROCESS SERVER:
PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/2022

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____       Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/2022

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT
                                                      OF THE TRIAL COURT
                                                      CIVIL ACTION NO.

| | |
|---|---|
| BRUCE MATTSON, individually and on behalf of all others similarly situated )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEMERLE HOEGER, LLP )<br>)<br>Defendant. ) | **CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff Bruce Mattson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated (the "Class members"), by and through his attorneys, brings this action to challenge the actions of Defendant Demerle Hoeger, LLP (hereinafter referred to as "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

1

3. Plaintiff makes these allegations on information and belief with the exception of those allegations that pertain directly to Plaintiff themselves, which Plaintiff allege on personal knowledge.

4. While many violations are described with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

7. All violations alleged regarding the FDCPA are material violations of the statute as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt in a timely manner.

8. Through this complaint, Plaintiff do not allege that any state court judgment was entered against any Plaintiff in error, and Plaintiff do not seek to reverse or modify any judgment of any state court.

9. Unless otherwise indicated, the use of "Defendant" in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

10. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## JURISDICTION AND VENUE

12. This Court has general jurisdiction over this action.

13. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

14. Because Defendant does business within the State of Massachusetts, personal jurisdiction is established.

15. Venue is proper in this Court because Defendant regularly conducts business in this county, and unlawful acts or omissions have occurred in this county.

## PARTIES

16. Plaintiff is a natural person who resides in Bellingham, Massachusetts, is allegedly obligated to pay a debt, and is consumer as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a company asserting that it is located in Boston, Massachusetts. Defendant is a Massachusetts corporation and engages in debt collection activities in the State of Massachusetts.

18. This case involves obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of a consumer debt, as that term is defined by 15 U.S.C. § 1692a(5).

19. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22. Sometime before April 2021, Plaintiff is alleged by Defendant to have incurred certain financial obligations to an original creditor, SN Servicing Corporation.

23. These financial obligations were primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. Sometime thereafter, Plaintiff is alleged by Defendant to have fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff takes no position as to the validity of this alleged debt.

25. Subsequently, sometime before May 2023, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection. At the time the alleged debt was assigned, placed, or transferred to Defendant, such obligation was allegedly in default.

26. On or around May 10, 2023, Defendant mailed a letter to Plaintiff in an attempt to collect the alleged debt bearing the prominent title "30-DAY DEMAND."

27. This "30-DAY DEMAND" letter demanded that Plaintiff make payment by June 9, 2023.

28. This "30-DAY DEMAND" letter also stated,
    "Unless you notify this office within thirty-five (35) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If within the thirty-five (35) day period, you notify this office in writing that the debt or any portion thereof, is disputed, we will obtain verification of the debt and mail a copy of such verification to you. If requested within thirty-five (35) days of receipt of this notice, this office will provide you with the [*sic*] name and address of the original creditor, if different form the current creditor."

29. This "30-DAY DEMAND" letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2). This "30-DAY DEMAND" letter was representative of Defendant's regular collection practices.

30. Regulation F, § 1006.34(b)(5) provides that the validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information.

31. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. § 6103(a), Saturdays, and Sundays) after the debt collector provides it.

32. After stating that Plaintiff's deadline to cure the alleged debt was June 9, 2023 (a date 30 days after the May 10, 2023, date appearing on the letter), Defendant's "30-DAY DEMAND" letter later indicated that Plaintiff's deadline to notify Defendant of Plaintiff's

4

dispute of the debt, or any portion thereof, was "within the thirty-five (35) days after receiving this notice."

33. The above statements and/or omissions in Defendant's "30-DAY DEMAND" letter, which Defendant sent or caused to be sent to Plaintiff and numerous other similarly situated consumers, were misleading and confusing to Plaintiff, and contradicted and overshadowed Plaintiffs' right to dispute the debt because Defendant prominently titled the communication as a "30-DAY DEMAND," and demanded payment within 30 days of the date of the letter, while Defendant's letter later stated Plaintiff could notify Defendant of Plaintiff's dispute of the debt, or any portion thereof, was "within the thirty-five (35) days after receiving this notice." In other words, Defendant's "30-DAY DEMAND" letter constituted a demand for payment of the alleged debt before the expiration of the dispute or validation period required to be provided to Plaintiff under 15 U.S.C. § 1692g of the FDCPA.

34. Defendant's overshadowing of Plaintiff's rights under the FDCPA is confusing and misleading, especially from the perspective of the least sophisticated consumer.

35. Through the above conduct, Defendant has failed to adhere to the federal regulation that regulates its industry, a task that would be relatively easy for Defendant to follow; and instead, Defendant uses this omission in its attempt to place consumers at a financial and strategic disadvantage and to competitively disadvantage debt collectors that abide by the rigors of the FDCPA.

36. Defendant's communication with Plaintiff violated 15 U.S.C. § 1692e and § 1692e(10) by Defendant's use of false or misleading representations and deceptive means in connection with its attempts to collect the alleged debt from Plaintiff, by misleading Plaintiff to believe and/or falsely representing that Plaintiff must cure the alleged debt within 30 days of the date of the "30-DAY DEMAND" letter, despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 35 days from Plaintiff's receipt of the letter, and legally entitled under 15 U.S.C. § 1692g to have 30 days after

receipt of Defendant's letter, to dispute the alleged debt and/or have it validated by Defendant.

37. Defendant's communication with Plaintiff also violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt by demanding Plaintiff to pay the alleged debt within 30 days of the date of Defendant's letter, intentionally including language in its collection communications misleading Plaintiff to believe and/or falsely representing that Plaintiff must cure the alleged debt within 30 days of the date of the "30-DAY DEMAND" letter, despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 35 days from Plaintiff's receipt of the letter, and legally entitled under 15 U.S.C. § 1692g to have 30 days after receipt of Defendant's letter, to dispute the alleged debt and/or have it validated by Defendant.

38. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt in violation of the FDCPA by overshadowing, misleading, and deceiving Plaintiff's consumer rights under the FDCPA.

39. As a result of Defendant's unfair, deceptive, misleading, false, abusive and oppressive conduct in connection with its debt collection activities, Plaintiff, and each consumer that received Defendant's similarly worded "30-DAY DEMAND" letter, suffered an invasion of a legally protected interest under the FDCPA by being deceived by Defendant about their consumer rights specifically protected by the FDCPA, and other consumer laws.

40. Plaintiff and each consumer that received Defendant's similarly worded "30-DAY DEMAND" letter, was personally affected by Defendant's conduct, misrepresentations, and/or omissions in furtherance of Defendant's collection activities. Specifically, Plaintiff was affected personally by Defendant's "30-DAY DEMAND" letter described above and as a result of Defendant's debt collection activities because Plaintiff believed Defendant's misrepresentations in its "30-DAY DEMAND" letter (*i.e.,* that the deadline to cure the alleged debt was 30 days from the date of the letter, cutting short Plaintiff's right to

6

dispute the alleged debt, despite the fact that Plaintiff was permitted pursuant the language included in Defendant's letter to have 35 days from Plaintiff's receipt of the letter, and legally entitled under 15 U.S.C. § 1692g to have 30 days after receipt of Defendant's letter, to dispute and/or request validation of the alleged debt), which caused Plaintiff confusion, mental anguish, anxiousness, stress, fear, lost sleep, feelings of despair, and emotional distress, which has in turn affected Plaintiff's personal life and well-being.

41. Plaintiff's injuries are concrete as Defendant's misrepresentations are analogous to common law misrepresentation and conduct sounding in fraud.

42. Furthermore, as stated in this Complaint's introduction, Congress has recognized the aggressive, deceptive and abusive methods of debt collection by certain collection companies; and, in order to create a fair playing field and not give the abusive debt collectors a competitive advantage, Congress created laws such as the FDCPA to protect consumers like Plaintiff and the Class members. Should the Defendant be allowed to harass, humiliate, abuse and deceive Plaintiff in the manner described above, collectors that try to collect in a lawful manner will be put at a competitive disadvantage, which is a risk brought about by such violations.

43. Lastly, such transgressions by Defendant would progress to worse behavior if Congress had not created laws to give vulnerable consumers a voice, legal relief, and redressability through the statute alleged herein.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this case as a Class Action on behalf of Plaintiff and all others similarly situated. Plaintiff represents, and is a member of, the following class (the "Class") defined as:

> All persons within the United States to whom Defendant sent an initial communication within one (1) year prior to the filing of this Complaint which was substantially similar or identical to "30-DAY DEMAND" letter sent to Plaintiff in an attempt to collect an alleged debt.

49. Plaintiff represents, and is a member of, the Class because Plaintiff received the above-described debt collection communication from Defendant in Defendant's attempt to collect an alleged debt.

50. Defendant, its employees and agents are excluded from the Class.

51. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

52. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

    - As described in more detail above, Defendant illegally contacted Plaintiff and the Class members utilizing the above-described "30-DAY DEMAND" letter, which was an initial communication, in violation of the FDCPA, a strict liability statute, by failing to include the requisite information found in 15 U.S.C. § 1692g(a).
    - Defendant's "30-DAY DEMAND" letters are a part of a methodical and systematic illegal tactic and strategy by Defendant to restrict the time frame for consumers to dispute consumer debts alleged to be owed by them which disadvantage's these consumers and competitively disadvantage's other debt collectors.

53. This suit seeks only damages and relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

54. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as additional facts are learned in further investigation and discovery.

55. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

56. The Class can be identified through the business records of Defendant.

57. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:
    - Whether, within the one year prior to the filing of this Complaint, Defendant sent initial communications to consumers that were substantially similar to the "30-DAY DEMAND" letter Defendant sent to Plaintiff;
    - Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and
    - Whether Defendant should be enjoined from engaging in such conduct in the future.
58. As persons that received a letter substantially similar to the "30-DAY DEMAND" letter described above, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.
59. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a Class Action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the Class member's claims, few, if any, the members of the Class could afford to seek legal redress for the wrongs complained of herein.
60. The illegal actions of Defendant have, and continue to, competitively disadvantaged other debt collectors that refrain from using abusive debt collection practices.
61. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the FDCPA.
62. A Class Action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of

separate claims against Defendant is small because the maximum statutory damages in an individual action for violation the statutes alleged herein are minimal, as the collective maximum statutory damages for an individual action under the FDCPA is $1,000.

63. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

64. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

## Causes of Action

### Count I

### Violation of the Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692, et seq.

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

67. As a result of each and every violation of the FDCPA, Plaintiff and the Class members are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that judgment be entered against Defendant as follows:

- That this action be certified as a Class Action on behalf of the Class;
- That Plaintiff be appointed as the representative of the Class;
- That Plaintiff's counsel be appointed as Class Counsel;
- An Order enjoining Defendant from engaging in such conduct and communications in the future;

- An award of statutory damages of $1,000.00 for each of the Plaintiff and each of the Class members pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and/or other applicable law;
- Costs of suit incurred herein;
- An award of pre-judgment and post-judgment interest as permitted by law; and
- Any and all other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

71. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: August 3, 2023                                   Respectfully submitted,

By: */s/ Nicola Yousif*
Nicola Yousif, Esq. (Bar No. 679545)
Matthew McKenna, Esq. (Bar No. 705644)
SHIELD LAW, LLC
157 Belmont St.
Brockton, MA 02301
Telephone: (508) 588-7300
Facsimile: (508) 588-7303

Abbas Kazerounian, Esq. (*pro hac vice forthcoming*)
Mona Amini, Esq. (*pro hac vice forthcoming*)
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523